UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAFSAT ABIOLA, et al.,

      Plaintiffs,

vs.

ABDULSALAMI ABUBAKAR,

      Defendant.

_____/

Civil Action No.
01-CV-70714-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter is presently before the court on (1) plaintiffs' motion for reconsideration of the court's order dismissing the complaint for lack of personal jurisdiction, (2) defendant's motion to strike plaintiff's motion for reconsideration, (3) defendant's motion for sanctions; and (4) defendant's motion for leave to file a response to plaintiff's motion for reconsideration. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide these motions without oral argument.

The plaintiffs in this case are Hafsat Abiola, Dr. Arthur Nwankwo, and Chief Anthony Enahoro, all of whom are Nigerians residing in Nigeria. The defendant is one of Nigeria's former military rulers, General Abdulsalami Abubakar. Plaintiff Hafsat Abiola, has brought suit both individually and on behalf of the estate of her deceased father (Chief M. K. O. Abiola) and mother (Alhaja Kudirat Abiola). Plaintiffs Arthur Nwankwo and Anthony Enahoro have brought suit on their own behalf. Plaintiffs allege that they are victims of human rights violations committed by defendant or by persons under his control.

In a motion filed on January 11, 2002, defendants sought dismissal or summary judgment on several grounds, including lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiffs' 46-page response brief, filed February 14, 2002, barely touched upon the personal jurisdiction issue. The court heard oral argument on April 24, 2002. At that hearing, plaintiffs' and defense counsel indicated they had nothing to add to the arguments presented in their briefs. The court then granted defendant's motion from the bench on the grounds that the court lacked personal jurisdiction. A written order to this effect was filed the next day and was entered on the docket on April 29, 2002.

On May 7, 2002, plaintiffs filed an 18-page motion for reconsideration, in which they make several arguments as to why the court does possess personal jurisdiction over defendant. Alternatively, plaintiffs argue that the court should vacate its order of dismissal and transfer the case to the Northern District of Illinois. Defendant has responded to plaintiffs' motion for reconsideration, and plaintiffs have filed a reply.

The procedural defect in plaintiffs' motion is that plaintiffs did not raise any of the arguments they are now advancing at the proper time, namely, in response to defendant's motion to dismiss. A motion for reconsideration

> is not an appropriate vehicle for raising new facts or arguments. See Salopek v. Comm'r of Internal Revenue, No. 99-9012, 2000 WL 350263, at *2 (10th Cir. Apr.5, 2000) (unpublished) ("[A] motion for reconsideration is an inappropriate vehicle for advancing new arguments or facts which could have been raised in prior briefing."); Sault St. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir.1998) (motions under Fed.R.Civ.P. 59(e) "are aimed at re consideration, not initial consideration"), citing FDIC v. World University Inc., 978 F.2d 10, 16 (1st Cir.1992). This is especially true where the sole ground for relief advanced in the original motion required an entirely different analysis of the facts and applicable law

2

than the new argument raised for the first time in the reconsideration
motion.

United States v. A.F.F., 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001). Plaintiffs now argue that

defendant waived the defense of lack of personal jurisdiction; that defendant can be sued in this

district notwithstanding the absence of any minimum contacts with this forum; and that defendant

is subject to nationwide service of process under the Alien Tort Claims. Plaintiffs could have made

any or all of these arguments in response to defendant's motion to dismiss, but they neglected to do

so. In fact, plaintiffs touched on the personal jurisdiction issue only tangentially, in a single

paragraph of their 46-page response brief,[1] although defendant had presented an extensive argument

at pages 6-11 of his summary judgment motion as to why personal jurisdiction is lacking and why

defendant has not waived this defense. As noted above, it is procedurally improper for a party to

--------

[1]The only paragraph of the response brief that spoke directly to the personal jurisdiction
issue is found on page 34, at the end of the section of plaintiffs' argument opposing dismissal on
forum non conveniens grounds:

> On the issue of instituting the case in Michigan; as stated above,
> Plaintiff Hafsat Abiola is a U.S. resident. The Court should look at
> the "home" factor for a U.S. citizen or permanent resident which is
> "*any federal district in the United States, not the particular district
> where the Plaintiff lives.*" In cases involving reference to a foreign
> court, the relevant distinction is whether or not the Plaintiff who has
> selected the federal forum is a U.S. citizen or resident, not whether he
> resides in the particular district where the case was brought. Also
> according to the language of the Alien Tort Act, an alien can institute
> his case in any federal district in the U.S. since he is not a resident of
> any district. For this reason also, Defendant's argument regarding
> instituting the case in Michigan must be disregarded.

(Emphasis in original.) On page 33 of their brief, also in connection with the forum non conveniens
issue, plaintiffs asserted that defendant "will suffer no hardship by defending himself in the U.S. He
has sufficient connection with the U.S. having established corporate organizations with headquarters
in the U.S." However, plaintiffs did not elaborate on this statement, and they offered no supporting
evidence of any kind.

raise new arguments in a motion for reconsideration, especially where, as here, the new arguments could and should have been raised in connection with the motion of which reconsideration is being sought. Plaintiffs' motion is denied on these procedural grounds, insofar as it seeks reconsideration of the court's ruling on the personal jurisdiction issue.

Even if the motion were not procedurally defective, the court would deny it on the merits insofar as the personal jurisdiction issue is concerned. First, it does not appear that defendant waived the defense of lack of personal jurisdiction. Plaintiffs correctly note that defendant did not raise this defense in its answer to the original complaint. However, plaintiffs thereafter filed an amended complaint, which eliminated three plaintiffs, eliminated three defendants, made many additional factual allegations, and changed the demand for damages. Defendant filed his motion for summary judgment, which included his request for dismissal for lack of personal jurisdiction, prior to answering the amended complaint. Under these circumstances, it appears that defendant preserved the personal jurisdiction defense,[2] and that plaintiffs' waiver argument is incorrect.

Plaintiffs next argue that under the Alien Tort Claims Act, 28 U.S.C. § 1350,[3] the

---

[2]Plaintiffs argue that defendant waived this defense by not asserting it prior to answering the original complaint, and that he was not permitted to assert it in response to the amended complaint. In support of this argument, plaintiffs cite several old cases from other jurisdictions. Plaintiffs do not cite any such case authority from the Supreme Court or the Sixth Circuit, and the court is aware of none. To the contrary, the court believes that ["o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 C. Wright & A. Miller, Federal Practice and Procedure § 1476, pp. 556-57 (1990).

[3]Section 1350 states:

> The district courts shall have original jurisdiction of any civil
> action by an alien for a tort only, committed in violation of the law
> of nations or a treaty of the United States.

court may exercise personal jurisdiction over defendant because he has "minimum national contacts." Plaintiffs appear to acknowledge that defendant has no contacts whatsoever with Michigan. Nonetheless, plaintiffs contend that this court may exercise personal jurisdiction over defendant merely by virtue of the fact that he was served with process in the United States, albeit in another district. Defendant was served with process in the Northern District of Illinois while attending a function in Chicago.

The court is unable to find any authority to support the proposition urged by plaintiffs. Even assuming this court has subject matter jurisdiction under the Alien Tort Claims Act, personal jurisdiction depends on the existence of minimum contacts between defendant and the forum state, and such contacts are entirely absent in the present case.

Plaintiffs believe personal jurisdiction is established under Fed. R. Civ. P. 4(k)(2), which states:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

This rule does not apply because plaintiffs have failed to show that defendant "is not subject to the jurisdiction of the courts of general jurisdiction of any state." To avail themselves of Rule 4(k)(2), plaintiffs are required to "certify that, based on the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state." United States v. Swiss American Bank, Ltd., 191 F.3d 30, 41 (1st Cir. 1999). Not only have plaintiffs failed to make such a showing, they have asserted that defendant "ha[s] established

5

corporate organizations with headquarters in the U.S."  Plaintiffs' Response to Defendant's

Summary Judgment Motion, p. 33.  Service of process under Rule 4(k)(2) is not available when

defendant is "subject to the jurisdiction of the courts of general jurisdiction of any state"; clearly,

defendant would be subject to the jurisdiction of the courts of general jurisdiction of any state in

which he has established "corporate organizations."

        Plaintiffs also assert that the Alien Tort Claims Act "permits nationwide service of

Summons and Complaint on an alien defendant wherever he/she may be found in the United States."

Plaintiff's Motion for Reconsideration, p. 11.  The act itself says nothing about nationwide service

of process.  And while plaintiffs cite several cases purportedly for the proposition that "[t]he

nationwide service of process provisions have frequently been applied by courts to allow personal

jurisdiction in any U.S. District Court," id., none of them have anything whatsoever to do with the

Alien Tort Claims Act.[4]  In short, plaintiffs have failed to demonstrate that any statute or court rule

authorized them to serve defendant Abubakar with process beyond the territorial limits of this court.

---

    [4]Plaintiffs cite the following cases in the following order at pages 11-13 of their brief:
Mississippi Publ'g Corp. v. Murphree, 326 U.S. 438 (1946) (libel action against a Delaware
publishing company); FTC v. Jim Walter Corp., 651 F.2d 251 (5th Cir. 1981) (FTC enforcement
action against a Florida corporation, in which a federal statute authorized nationwide service of
process); Securities Investor Prot. Corp. v. Vigman, 764 F.2d 1309 (9th Cir. 1985) (securities
fraud action in which a federal statute authorized nationwide service of process); Fitzsimmons v.
Barton, 589 F.2d 330 (7th Cir. 1979) (securities fraud action in which a federal statute authorized
nationwide service of process); International Controls Corp. v. Vesco, 490 F.2d 1334 (2nd Cir.
1974) (securities fraud action in which a federal statute authorized nationwide service of
process); Leaseco Data Processing Equip. Corp. v. Maxwell, 468 F.2d 1326 (2nd Cir. 1972)
(securities fraud action in which a federal statute authorized nationwide service of process); Go-
Video, Inc. v. Akai Elec. Co., Ltd., 885 F.2d 1406 (9th Cir. 1989) (antitrust action against a
Japanese corporation in which a federal statute authorized worldwide service of process); United
States v. Union Pacific R.R. Co., 98 U.S. 569 (1878) (suit by the Attorney General against a
railroad, in which a special Act of Congress authorized commencement of the suit and
nationwide service of process).

In the absence of any such statute or court rule, plaintiffs must show that defendant has minimum contacts with this forum. However, plaintiffs have already conceded that no such contacts exist.[5] Not only are "minimum contacts" lacking; there are no contacts of any kind whatsoever linking defendant Abubakar with Michigan. Defendant is a citizen of, and resides in, Nigeria. Defendant has denied that any of the circumstances identified in Michigan's long-arm statute, which would permit the court to exercise limited personal jurisdiction, are present.[6] Nor is there any allegation in the complaint that any of these circumstances are present in defendant Abubakar's case, or that there are any links of any kind tying him to this forum. There is not even

---

[5]The court notes that, while the parties have cited a number of cases in which foreign leaders have been sued under the Alien Tort Claims Act and/or the Torture Victims Protection Act, in each case where the court exercised personal jurisdiction, the defendant had some connection to the forum state; and in every case the defendant was served with process in the forum state. There appears to be no precedent allowing for the exercise of personal jurisdiction over a non-resident defendant who has no contacts with the forum state and who was served outside of the forum. See Kadic v. Karadzic, 70 F.3d 232 (2nd Cir. 1995) (Bosnian leader was served with process while attending United Nations functions in New York); In re Estate of Ferdinand Marcos, Human Rights Litigation, 25 F.3d 1467 (9th Cir. 1994) (Marcos served with process in Hawaii, where he lived after fleeing the Philippines); Filartiga v. Pena-Irala, 630 F.2d 876 (2nd Cir. 1980) (former Paraguayan police inspector was served with process in Brooklyn, where he was living); Tachiona v. Mugabe, 169 F. Supp. 2d 259 (S.D.N.Y. 2001) (Zimbabwe's president was served with process in New York while attending a political function); Cabiri v. Assasie-Gyimah, 921 F. Supp. 1189 (S.D.N.Y. 1996) (security officer of Ghana was served with process in New York where he was staying while litigating a related case); Xuncax v. Gramajo, 886 F. Supp. 162 (D. Mass.1995) (Guatemala's defense minister was served with process while attending Harvard University).

[6]These circumstances are: (1) the transaction of any business within the state; (2) the doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort; (3) the ownership, use, or possession of real or tangible personal property situated with the state; (4) contracting to insure a person, property, or risk located within the state; (5) entering into a contract for services to be rendered or for materials to be furnished in the state; (6) acting as a director, manager, trustee, or other officer of a corporation incorporated or having its principal place of business in the state; and (7) maintaining a domicile in the state. See M.C.L. § 600.705.

7

an allegation that defendant Abubakar has ever visited Michigan. Based on the clear absence of any contacts between defendant and this forum, the court stands by its dismissal of the complaint for lack of personal jurisdiction.

The only remaining issue is whether the court should transfer this case to the Northern District of Illinois, rather than dismiss it for lack of personal jurisdiction. While plaintiffs do not identify any statutory authority for the requested transfer, the court does possess such authority pursuant to 28 U.S.C. § 1406(a):

> The district court's authority to transfer venue is based on two statutes, 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a). Section 1404(a) permits a change of venue for the convenience of parties and witnesses. However, a transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants. Section 1406(a) allows a district court to grant a change of venue when venue was improper in the original forum. Specifically, section 1406(a) provides that a district court with a case "laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Unlike section 1404(a), however, section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case.

Pittock v. Otis Elevator Co., 8 F.3d 325, 329 (6th Cir. 1993) (citations omitted). Because the court lacks personal jurisdiction over defendant, the case can be transferred only pursuant to § 1406(a) and only if the transfer would be "in the interest of justice."

Although plaintiffs did not previously suggest transfer as an alternative to dismissal, the court believes that the interest of justice would be served by transferring this case to the Northern District of Illinois, where defendant was served with process. The reason is simple: dismissal of the case would effectively end plaintiffs' opportunity to litigate these claims against this defendant. It

8

seems unlikely that plaintiffs will ever again succeed in serving defendant Abubakar with process, and it seems even more unlikely that plaintiffs would succeed if they were to attempt to press these claims in Nigeria. Plaintiffs' only realistic hope for receiving a hearing on the human rights violations alleged in their complaint is to proceed in the Northern District of Illinois, the only American court which appears to have personal jurisdiction over defendant and where venue appears to be proper. Cases are routinely transferred when "dismissal would prevent a new suit by plaintiff," C. Wright & A. Miller, Federal Practice and Procedure § 3827, p. 269 (1986), and this clearly would be the result if the present case were dismissed. As the same treatise notes, "[t]he usual procedure should be transfer rather than dismissal." Id. at 274.

For the reasons stated above,

IT IS ORDERED that plaintiffs' motion for reconsideration is denied in part and granted in part as indicated above.

IT IS FURTHER ORDERED defendant's motion to strike plaintiffs' motion for reconsideration is denied.

IT IS FURTHER ORDERED defendant's motion for sanctions is denied.

IT IS FURTHER ORDERED that defendant's motion for leave to file a response to plaintiffs' motion for reconsideration is denied as moot, the court having previously issued an order calling for defendant to file a response.

9

IT IS FURTHER ORDERED that the Clerk of Court transfer this matter to the

Northern District of Illinois, Eastern Division (Chicago), pursuant to 28 U.S.C. § 1406(a).

BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Dated:   **JUL 17 2002**
         Detroit, Michigan

Copy Mailed This Date To:          Kayode Oladele, Esq.
                                   Augustine Agomuoh, Esq.
                                   Ephriam Ugwuonye, Esq.
                                   Kevin B. Duckworth, Esq.; Jennifer M. Sender, Esq.;
                                       Stephanie R. Gaines, Esq.; Katerine S. Dedrick, Esq.

10